RAFAEL LANDRÓN LANDRÓN ET AL., Plaintiffs and Appellees, *v.* JOSÉ RAMÓN QUIÑONES ET AL., Defendants and Appellants.

No. 7543. Argued July 12, 1937.—Decided July 24, 1937.

*José Ramón Quiñones* and *Tomás Torres Pérez, pro se,* and *Hernán Franco,* for appellants. *Bolívar Pagán* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Under the general head "Public Service Commission" and the sub-head "Salaries", the Insular Legislature, in the Appropriation Act (No. 119) for the fiscal year 1936–37 (Laws of 1936, p. 690), included the following item: "Law clerk . . . $4,000." The Public Service Commissioner appointed a law clerk. In an action brought under an Act entitled "An Act relative to judgments and declaratory decrees and making legislation on the subject uniform, and for other purposes," approved April 25, 1931 (Laws, 378), the District Court of San Juan sitting *in banc* held that the appointment should have been made by the Public Service Commission, not by the chairman alone and that the ap-

pointment thus made was a nullity. Appellants submit that the district court erred:

"First error: In holding that the Public Service Commission or a legal quorum of the same has the power and authority to make the appointment of officers and employees for said Commission, and not deciding that the said appointment corresponds to the Public Service Commissioner.

"Second error: In holding that the appointment of the defendant Torres Pérez was made by the chairman of the Public Service Commission exclusively.

"Third error: In holding that the defendant Torres Pérez was appointed for the office of Law Clerk of the Public Service Commission.

"Fourth error: In not holding that the Public Service Commissioner has the authority and power to make the appointment of employees for the office of the Public Service Commission with the exception of the office of Secretary of the Public Service Commission.

"Fifth error: In holding that Section 38 of the Organic Act does not create the office of Public Service Commissioner and that it does create the office of President of the Public Service Commission."

■■ Section 32 of our Organic Act, approved April 12, 1900 (31 Stat. at Large, Chap. 191, p. 77.), provided "that all grants of franchises, rights and privileges or concessions of a public or quasi-public nature" should be made by the Executive Council with the approval of the Governor. Section 18 conferred upon the members of the Executive Council, six of them being also heads of departments, power "to employ all necessary deputies and assistants for the proper discharge of their duties as such officials and as such Executive Council."

Congress, in Section 38 of the Organic Act approved March 2, 1917 (39 Stat. at Large, Part I, Chap. 145, p. 951), provided for a Public Service Commission consisting of the heads of executive departments, the Auditor and two members to be elected by popular vote. The Insular Legislature, in Section 18 of the Public Service Act of 1917 (Laws of

that year, Vol. II, p. 432, 478), provided that the Public Service Commission should have a secretary ''to be appointed by it and to hold office at its pleasure.'' It further provided that ''The Commission shall have power to designate from time to time any person to perform the duties of the secretary during his absence, and the person so appointed shall possess, for the time designated, the powers of the secretary of the Commission.'' Section 19 reads as follows:

''Section 19.—*Employees and Expenses.*—The commission shall be authorized to employ and fix the compensation of such special experts, examiners, clerks and other employees as it may from time to time find necessary for the proper performance of its duties, and with the exception of the secretary, experts and examiners, all employees of the commission shall be a part of the Classified Civil Service.

''All of the expenses of the commission, including all necessary expenses for transportation, incurred by the commissioners or by the'r employees under their orders in making any investigation or upon official business in any other place than in the city of San Juan, shall be allowed and paid on the presentation of itemized vouchers therefor, approved by the commission.''

Congress, in 1927, by a law known as the Butler Act (44 Stat. at Large, Part 2, Chap. 503, p. 1420) amended Section 38 of the Organic Act of 1917 so as to read in part as follows:

''That all grants of franchises, rights, privileges and concessions of a public or quasi public nature shall be made by a Public Service Comm'ssion consisting of a public service commissioner, who shall be the president of the said commission, and two associated commissioners, to be appointed by the governor with the advice and consent of the senate. The Public Service Commissioner shall be appointed for a term of three years and until his successor shall be appointed and shall have qualified, and one of the said associated commiss'oners, first appointed, shall hold for a term of two years and one shall hold for a term of one year; and thereafter, each of said associate commissioners shall hold for a term of three years and until their successors shall have been appointed and shall have qualified; *Provided,* That the present elective members of the said commission shall continue to be members of said commission until their term of office

expires as now provided by law and shall form the commission, together with the three members appointed by the governor as aforesaid, until the expiration of such period of their services and not thereafter. The salary of the commissioner shall be $6,000 a year, and the said commissioner shall devote his entire time to his duties as such commissioner. The compensation of the associated members, both those elected and appointed, shall be $10 for each day's attendance at the sessions of the commission; but in no case shall they receive more than $1,000 during any one year. The said commission is empowered and directed to discharge all the executive functions relating to public service corporations heretofore conferred by law upon the executive council and such additional duties and functions as may be conferred upon said commission by the leg'slature . . .''

The Insular Legislature, in 1927, also amended Sections 18 and 19 of the law of 1917. See Laws of Puerto Rico 1927, 398, 402. Section 18 as amended provides that:

'' . . . The Public Service Commiss'oner shall have power to designate from time to time any person to perform the duties of the secretary during his absence, and the person so appointed shall possess, for the time designated, the powers of the secretary of the Commission.''

In no other instance, as far as we are informed, has any appointing power been conferred upon the Public Service Commissioner as such. None of the other changes made in Sections 18 and 19 have any bearing upon the questions now before us. By the terms of the second paragraph of Section 35 of the Public Service Law (Laws of Puerto Rico 1931, pp. 534, 562) invoked by appellants, '' 'appointing authority' means the Commission, board or person or group of persons having the power by virtue of a statute or by reason of lawfully delegated authority to make appointments.''

We cannot agree with appellants that the powers of the Public Service Commission are of an exclusive legislative character. The power of appointment and of employment expressly conferred upon it by the terms of Sections 18 and 19, *supra,* are not legislative powers.

The requirement of Section 38 of the Organic Act as amended in 1927 that the Public Service Commissioner "shall devote his entire time to his duties as such Commissioner" does not clothe him by implication or otherwise with the power of appointment. If a law clerk is not a legal expert he at least comes within the classification "clerks and other employees" mentioned in Section 19 of the Public Service Law.

The brief for appellants fails to satisfy us that the district court erred as alleged in the first assignment.

In the absence of a satisfactory showing as to any greater power of appointment or employment in the Public Service Commissioner as such than he is authorized to exercise as Chairman of the Public Service Commission, the error, if any, in the district judge's statement that the Chairman made the appointment, is harmless.

In support of the third assignment appellants cite People v. Foote, 48 P.R.R. 479, to the effect that the Legislature cannot create an office by any provision contained in an appropriation act. In the instant case the Legislature merely appropriated a certain amount as the salary of a law clerk. It did not attempt to create any office. If the law clerk in question was not a public officer, he was an employee within the meaning of Section 19 of the Public Service Commission law. The mistake of the district judge in referring to the position of the law clerk as an office, is not a sufficient ground for reversal.

The fourth assignment is not separately discussed in the brief for appellants and need not be separetely discussed herein. While there may be more merit in the theory of appellants than is disclosed in their argument, we are not prepared to say that the district judge erred in not holding that the Public Service Commissioner has the power to name all the employees of a Public Service Comission except the secretary.

Aside from any inaccuracy in the statement of the fifth assignment as to what the district judge held, what we have said concerning the fourth assignment applies with equal force *mutatis mutandis* to the fifth.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.